# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| DORIAN DAVIS aka WALI AL-TAQI, CDCR #K-78041,<br><br>Plaintiff,<br><br>vs.<br><br>E.G. FLORES; J. CASTRO; T. BILLINGS; A. HEDGPETH; R. MARTA,<br><br>Defendants. | Civil No.   08-cv-1197 JTM (JMA)<br><br>**ORDER DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(3) & 28 U.S.C. § 1915(d)** |

## I.
### PROCEDURAL HISTORY

On August 15, 2008, Plaintiff, an inmate currently incarcerated at Kern Valley State Prison located in Delano, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant

1  to 28 U.S.C. § 1915(a) [Doc. No. 2].

2  The Court granted Plaintiff's Motion to Proceed *IFP* on August 21, 2008 [Doc. No. 4]. On
3  November 26, 2008, this matter was reassigned to District Judge Jeffrey Miller for all further
4  proceedings [Doc. No. 8].

## II.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

7  The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed
8  by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any
9  facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or
10 the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as
11 practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of
12 the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous,
13 malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28
14 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)
15 (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A); *see also Barren v.*
16 *Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

17 "[W]hen determining whether a complaint states a claim, a court must accept as true all
18 allegations of material fact and must construe those facts in the light most favorable to the plaintiff."
19 *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language
20 of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro
21 se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is
22 "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).
23 However, in giving liberal interpretation to a pro se civil rights complaint, the court may not "supply
24 essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University*
25 *of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official
26 participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*

27 Here, the Court finds that the allegations in Plaintiff's Complaint are sufficient to survive the
28 sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Therefore, Plaintiff is

entitled to U.S. Marshal service on his behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) (providing that "service be effected by a United States marshal, deputy Untied States marshal, or other officer specially appointed by the court ... when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915."). Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

### III.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. The Clerk shall issue a summons as to Plaintiff's Complaint [Doc. No. 1] upon Defendants and shall forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order and certified copies of his Complaint and the summons for purposes of serving each Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP Package. Thereafter, the U.S. Marshal shall serve a copy of the Complaint and summons upon each Defendant as directed by Plaintiff on each Form 285. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

2. Defendants are thereafter **ORDERED** to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to

respond).

3. Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

4. Prior to filing any motion, Counsel for Defendants shall contact the law clerk of the assigned judge to obtain a hearing date and time.

**IT IS SO ORDERED.**

DATED: December 29, 2008

_____
Hon. Jeffrey T. Miller
United States District Judge