1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

10
11

**DORIAN DAVIS aka WALI AL-TAQUI,**
**CDC #k-78041,**

Civil No.      1:08cv01197-JTM(JMA)

12
13

                                    **Plaintiff,**

**ORDER**

14

                        **vs.**

**(1) SETTING BRIEFING SCHEDULE**
**RE PLAINTIFF'S MOTION FOR**
**SUMMARY JUDGMENT;**

15
16

**E.G. FLORES,** *et al.*,

**(2) SETTING OPTIONAL CROSS-**
**MOTION  SCHEDULE; and**

17

                                  **Defendants.**

**(3) PROVIDING PLAINTIFF**
<u>**KLINGELE**</u>/<u>**RAND**</u> **NOTICE**

18
19
20

        Plaintiff Dorian Davis ("Davis"), a state prisoner incarcerated at Kern Valley State Prison in

21

Delano, California, is proceeding *pro se* and *in forma pauperis* with a First Amended Complaint

22

("FAC") in this 42 U.S.C. § 1983 civil rights action alleging violations of his  religious rights under the

23

First Amendment and certain federal and state statutes.[1]  (Dkt No. 32.)  Defendants filed an Answer to

24

the FAC on January 4, 2010.  (Dkt No. 34.)  An Amended Scheduling Order setting case management

25

deadlines was entered February 23, 2010.  (Dkt No. 37.)  That Order, as pertinent here, set a deadline

26

of July 16, 2010 for completion of all discovery, and a deadline of August 13, 2010 for the filing of

dispositive motions.

27
28

        [1]  This case was re-assigned for all purposes  from the bench of the Eastern District of California to this
Court on November 26, 2008.  (Doc. No. 8.)

1    Davis filed a Motion For Summary Judgment ("Motion") bearing a signature date of

2    January 31, 2010, accompanied by a Proof of Service by mail dated February 10, 2010.  (Dkt No. 38,

3    pp. 1, 12.)  The docket reflects a filing date for that Motion of March 15, 2010.  The Eastern District

4    Civil Local Rules, LR 78-230(m), prescribes a response deadline of 21 days "after the date of service."

5    In consideration of the uncertainty regarding Defendants' actual notice period, the Court elects

6    to extend the Motion briefing schedule.  Moreover, in consideration of Davis' sworn Declaration in

7    support of his 195-page Motion (Dkt No. 38, pp. 2-11), his separate sworn Declaration authenticating

8    the fifteen Exhibits included in the Motion (Id., p. 55), his sworn Statement of [purportedly] Undisputed

9    Facts included in the Motion (Id., pp. 46-53), his sworn affidavit recounting a conversation he had with

10   a prison official in early 2009 pertinent to his claims also provided in his Motion (Id., p. 37) as well as

11   the fact his FAC is a verified pleading (Dkt No. 32, p. 4), there appears to be significant evidence already

12   available to the parties.  Accordingly, an extended briefing schedule may permit Defendants to determine

13   in advance of discovery cutoff whether grounds for a Cross-Motion For Summary Judgment exist and

14   whether they wish to have the Court address the merits of their position concurrently with the resolution

15   of Davis' Motion.  This optional scheduling proposal is suggested solely for purposes of efficiency.  It

16   should not be construed as implying the Court has formed any opinion on the merits of this action, the

17   claims and defenses presented, or the Motion result.

18   If Defendants elect to file their own summary judgment motion at any time in the course of this

19   litigation, the consequences of a ruling in their favor must be clearly explained to the plaintiff, as

20   required by Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc) and Klingele v. Eikenberry, 849

21   F.2d 409 (9th Cir. 1988).  **The Court hereby notifies Davis that if Defendants file a motion pursuant**

22   **to FED.R.CIV.P. 56 ("Rule 56"), they will be seeking to have this case dismissed.[2]  Whether**

23   **presented as a Cross-Motion or as a Motion presented after plaintiff's Motion is decided (should**

24

25   [2] Klingele and Rand together require the district court "as a bare minimum," to ensure that a *pro se* prisoner has "fair notice of the requirements of the summary judgment rule."  Klingele, 849 F.2d at 411 (quotations omitted).  "It would not be realistic to impute to a prison inmate ... an instinctual awareness that the

26   purpose of a motion for summary judgment is to head off a full-scale trial by conducting a trial in miniature, on affidavits, so that not submitting counter affidavits is the equivalent of not presenting any evidence at trial."

27   Jacobsen v. Filler, 790 F.2d 1362, 1364 n.4, 1365 n.8 (9th Cir. 1986) (internal quotation omitted).  The district court must ensure the prisoner knows "about his 'right to file counter-affidavits or other responsive materials and

28   [to] alert[] [him] to the fact that his failure to so respond might result in the entry of summary judgment against him.' "  Jacobsen, 790 F.2d at 1365 n.8, *quoting* Klingele, 849 F.2d at 411.

**that decision not end the case in plaintiff's favor), Davis is hereby advised that if the Court grants summary judgment for Defendants, it will end the case in their favor, there will be no trial, and your case will be dismissed.**  Rule 56 informs parties what they must do in order to oppose a Motion for Summary Judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the outcome of the case -- and the party who asked for summary judgment is entitled to judgment as a matter of law.  A grant of summary judgment ends the case in favor of the successful moving party.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided by Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and demonstrate there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition to the motion, summary judgment may be entered against you.

The Amended Scheduling Order deadlines remain in effect.  Should Defendants file a summary judgment motion at any time, Davis is advised to heed the <u>Klingele</u> / <u>Rand</u> notice and Rule 56 explanation provided in this Order.

For the foregoing reasons, **IT IS HEREBY ORDERED**:

1.     The deadline for Defendants to file an Opposition to Davis' pending Motion For Summary Judgment is on or before ***April 26, 2010***.

2.     If Defendants do not file a simultaneous Cross-Motion For Summary Judgment, Davis may file a Reply to Defendants' Opposition on or before ***May 10, 2010.***  The Court will proceed thereafter to decide Davis' Motion on the papers, and without oral argument.

3.     If Defendants file a Cross-Motion For Summary Judgment in combination with their Opposition to Davis' Motion, they shall do so on or before ***April 26, 2010***.  If they do so:

a.  No later than ***May 17, 2010***, Davis may serve and file his Reply to Defendants' Opposition in combination with his Opposition to Defendants' Cross-Motion.

b.  Defendants may serve and file a Reply to Davis' Opposition to their Cross-Motion no later than ***May 28, 2010***.

1          c.  Absent further Order of the Court, both Davis' Motion and Defendants' Cross-Motion

2   (should they elect to file one) will be considered fully briefed as of May 28, 2010, with both to be

3   decided thereafter on the papers, without oral argument.

4          **IT IS SO ORDERED.**

5   DATED:  March 25, 2010

6                                                    _____

7                                                    Hon. Jeffrey T. Miller
                                                     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4