# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| DORIAN DAVIS aka WALI AL-TAQUI, CDC #k-78041,<br><br>Plaintiff,<br><br>vs.<br><br>E.G. FLORES, *et al.*,<br><br>Defendants. | Civil No.   1:08cv01197-JTM(JMA)<br><br>**ORDER**<br><br>**(1) SETTING BRIEFING SCHEDULE RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; and**<br><br>**(2) PROVIDING PLAINTIFF KLINGELE/RAND NOTICE** |

Plaintiff Dorian Davis ("Davis"), a state prisoner incarcerated at Kern Valley State Prison in Delano, California, is proceeding *pro se* and *in forma pauperis* with a First Amended Complaint ("FAC") in this 42 U.S.C. § 1983 civil rights action alleging violations of his religious rights under the First Amendment and certain federal and state statutes. (Dkt No. 32.) The four named defendants are prison administrators or correctional officers. They filed an Answer to the FAC on January 4, 2010. (Dkt No. 34.) By Order entered July 2, 2010, the Court denied Davis' Motion For Summary Judgment. (Dkt No. 46.) On August 12, 2010, Defendants timely filed a Motion For Summary Judgment. (Dkt No. 48; *see* Dkt No. 37.)

As required by Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (*en banc*) and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), the Court must clearly explain to a *pro se* prisoner plaintiff the consequences of a ruling in Defendants' favor on their summary judgment motion. The Court previously explained those consequences to Davis in the Order setting the briefing schedule for his summary judgment motion, in the event Defendants elected to file a Cross-Motion For Summary

Judgment. (Dkt No. 40.) The Court now reiterates that notice in setting the briefing schedule for Defendants' Motion For Summary Judgment.

**The Court hereby notifies and advises Davis that Defendants' motion pursuant to FED.R.CIV.P. 56 ("Rule 56") seeks to have this case dismissed.** If the Court grants summary judgment for Defendants, it will end the case in their favor, there will be no trial, and the case will be dismissed. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the outcome of the case -- and the party who asked for summary judgment is entitled to judgment as a matter of law. A grant of summary judgment ends the case in favor of the successful moving party.

Rule 56 informs parties what they must do in order to oppose a Motion for Summary Judgment. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided by Rule 56(e), that contradict the facts shown in the defendant's declarations and documents to demonstrate there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition to the motion, summary judgment may be entered against you.

With the foregoing standards in mind, **IT IS HEREBY ORDERED**:

1. The Court sets a motion hearing date of *October 8, 2010* for purposes of setting a briefing schedule. The matter will be considered fully briefed on passage of Defendants' Reply deadline. Absent further order of the Court, their motion will be decided on the papers, and without oral argument.

2. The deadline for Davis to file and serve an Opposition to Defendants' Motion For Summary Judgment is on or before *September 10, 2010*.

3. Defendants may file and serve a Reply to Davis' Opposition on or before *September 24, 2010*.

**IT IS SO ORDERED.**

DATED: 8/13/10

HON. JEFFREY T. MILLER
United States District Judge